THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNQUE DARON JONES-ADAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>　　　　　Defendant. | CASE NO. C24-1839-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to withdraw his deemed admissions and extend the time to serve responses to requests for admissions (Dkt. No. 24). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion for the following reasons.

The discovery cut-off in this consumer credit action is October 10, 2025, and trial is set for February 2026. (*See* Dkt. Nos. 16, 23.) Defendant served Plaintiff with Requests for Admissions on January 31, 2025. (*See* Dkt. No. 24-1 at 2.) Plaintiff's Responses were due March 3, 2025. *See* Fed. R. Civ. P. 36(a)(3) (30-day deadline). Plaintiff did not respond. Instead, on May 7, 2025, he contacted Defendant and acknowledged that he had missed the deadline. (*See* Dkt. Nos. 25 at 2, 24-1 at 2.) Plaintiff now represents he missed the deadline because he was ill during this time and did not understand the deadlines. (Dkt. No. 25 at 1–2.) Now, he seeks to

withdraw the resulting deemed admissions and asks the Court for additional time to respond.[1] (*See generally* Dkt. No. 24.) Defendant has not responded to the motion.

Under Federal Rule of Civil Procedure 36(a)(3), a request for admission is deemed admitted if a party served does not respond within 30 days. Fed. R. Civ. P. 36(a)(3). Rule 36(b), however, provides a "safe harbor." *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007). Under Rule 36(b), the Court may permit a party to withdraw an admission if (1) doing so would help reach the merits of the action and (2) there is no prejudice to the opposing party. Fed. R. Civ. P. 36(b).

As to the admissions at issue here, absent the relief Plaintiff seeks, he would be deemed *not* to have made certain payments relevant to his disputed credit history. (*See* Dkt. No. 24 at 4.) This fact is material to the merits because, if true, it would support Defendant's affirmative defense. (*See* Dkt. No. 26 at 18) (affirmative defense of accurate credit information). Thus, a withdrawal of Plaintiff's admission would help reach the merits.

As to prejudice, the opposing party bears the burden of demonstrating that a withdrawal of admissions would make it more difficult for them to prove their case at trial. *Conlon*, 474 F.3d at 622 (citing *Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995)). However, Defendant did not respond to Plaintiff's motion seeking withdrawal.[2] Thus, it is not clear how it might be prejudiced by allowing Plaintiff more time to respond to its request. This is particularly true when this action is still months away from the discovery cut-off and the trial date. *Compare Hadley*, 45 F.3d at 1349–50 (withdrawal accepted before trial), *with 999 v. C.I.T. Corp.*, 776

---

[1] To the extent that Plaintiff seeks additional time for other responses, the Court has no way to assess these requests because, unlike the Request for Admissions, Plaintiff has not clarified what these other items are. (*See generally* Dkt. No. 24.) In addition, Defendant told Plaintiff that he may still respond to interrogatories and request for production. (Dkt. No. 24-1 at 2.) Therefore, the Court focuses on the Requests for Admission.

[2] Defendant told Plaintiff via e-mail that the requests are deemed admitted and it declined to grant Plaintiff an informal extension. (Dkt. No. 24-1 at 2.) But that representation was not made to the Court. And Defendant's failure to formally respond works as an admission by Defendant that Plaintiff's current request has merit. *See* LCR 7(b)(2).

ORDER
C24-1839-JCC
PAGE - 2

F.2d 866, 869–70 (9th Cir. 1985) (withdrawal rejected during trial). Withdrawal does not affect any other deadlines here, either. (*See* Dkt. No. 16.)

Therefore, the Court GRANTS Plaintiff's motion (Dkt. No. 24) to the extent that Plaintiff's deemed admissions are WITHDRAWN. He may serve updated responses to Defendant's Requests for Admission within fourteen (14) days of this Order. If he fails to do so, the deemed admissions will be revived.

DATED this 6th day of June 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE