THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYNQUE DARON JONES-ADAMS,<br><br>    Plaintiff,<br>    v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>    Defendant. | CASE NO. C24-1839-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to compel certain discovery (Dkt. No. 28). Having thoroughly considered the record, including supplemental briefing on Plaintiff's motion, the Court DENIES the motion without prejudice.

In a November 2024 amended complaint, Plaintiff alleges that Defendant, a consumer reporting agency, violated federal and state credit reporting laws, along with Washington's Consumer Reporting Act, by (amongst other things) misreporting Plaintiff's outstanding child support obligation activities and failing to correct the error(s) when notified. (*See generally* Dkt. No. 23.) In response to the resulting claims, the Court issued a scheduling order, setting a February 2026 trial date and an October 20, 2025, discovery cut-off. (*See* Dkt. No. 16.)

On July 21, 2025, Plaintiff moved to compel, asking the Court to order Defendant to provide full and complete answers to certain interrogatories and requests for admission, and to

ORDER
C24-1839-JCC
PAGE - 1

produce other information, including documents Defendant deemed confidential. (*See generally* Dkt. No. 28.) Briefing on the motion followed (Dkt. Nos. 36, 38), along with additional disclosure(s) and discovery. Thus, it was difficult to discern, by the time Plaintiff's motion to compel noted, what remained for the Court to address.

Thus, on August 26, 2025, the Court (through its law clerk) held an informal telephonic status conference with the parties. (*See* Dkt. No. 39.) From this, the Court surmised that many of the issues brought forward in Plaintiff's motion were now moot and what largely remained at issue was production of information that Defendant deemed confidential (up to this point, Plaintiff declined to agree to a protective order regarding disclosure and use of such information). (*See* Dkt. No. 37 at 5.)

In that conference, Plaintiff finally agreed to enter into the Court's model protective order, which the parties later filed and the Court then entered on September 9, 2025. (Dkt. No. 41.) With this in place, the Court understands that Defendant disclosed and/or produced certain confidential information. Nevertheless, in supplemental briefing to the Court, Plaintiff contends that additional production is required. (*See generally* Dkt. No. 42.)

Plaintiff's supplemental brief largely argues the merits of this matter. (*See id.* at 1–4.) As the Court's law clerk explained to Plaintiff during their informal conference, this is not the purpose of a Rule 37 motion. The Court will not entertain such argument at this time. Moreover, to the extent Plaintiff continues to seek certain discovery, the request(s) described in Plaintiff's supplement brief appear overbroad (*e.g.*, seeking an order "compelling production of all disclosures and related metadata"), not likely to lead to the discovery of admissible information, and, frankly, not particularly clear. (*See id.*) Thus, the Court is unable to provide further relief to Plaintiff at this time.

Accordingly, Plaintiff's motion to compel (Dkt. No. 28) is DENIED without prejudice. Plaintiff may renew his motion, but only after the parties ***again*** meet and confer in accordance with LCR 26(c); *see also* LCR 1(c)(6) (describing requirements for such a conference). Finally,

if either party believes that an adjustment to the case schedule is necessary, they may so move (but again must first meet and confer on the issue).

DATED this 9th day of October 2025.

						_____
						John C. Coughenour
						UNITED STATES DISTRICT JUDGE